IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JESSE BATES and wife,
ARMER BATES, and
FRITO-LAY, INC.,

      Plaintiff,

vs.                                                                                    Civil No.  02-2887 BV

CONNIE CARLSON, Individually
and THE UNITED STATES OF AMERICA,

      Defendants.

**ORDER OVERRULING DEFENDANT CONNIE CARLSON'S MOTION
FOR NEW TRIAL OR IN THE ALTERNATIVE FOR A REMITTITUR**

Before the Court is the motion of the Defendant, Connie Carlson, for a new trial or in the alternative for a remittitur.  This case involves a claim for damages by the Plaintiffs, Jesse Bates and wife Armer Bates, as well as a claim by Bates' employer, Frito-Lay, Inc., for recovery of damages sustained by Bates in an automobile accident which occurred in Memphis, Tennessee, on January 21, 2002.  Following a three day trial, the jury returned a verdict finding that Carlson and the decedent, Robert Miller, who was employed by the United States Postal Service, were both guilty of negligence which proximately caused the collision between the postal truck and the Frito-Lay truck driven by Bates.  On June 19, 2006, this Court entered its findings of fact and conclusions of law concerning the claims of Plaintiffs Bates and Frito-Lay, Inc. against the Defendant, United States of America,  under the Federal Tort Claims Act.  In essence, the Court followed the finding of the jury in determining the damage sustained by the Plaintiffs against the United States, with the exception of the granting of damages in favor of Plaintiff, Armer Bates.  As a result of the findings

by the jury and this Court, Carlson claims that she is entitled to a new trial or for remittitur of the damages imposed upon her in these findings.

Generally, the granting of a new trial lies within the sound discretion fo the trial court. Harrison v. Wal-Mart Stores, Inc., 287 F.Supp.2d 847, 850 (W.D. Tenn. 2003). "To constitute proper grounds for granting a new trial, an error, defect or other act must affect the substantial rights of the parties." Walker v. Bain, 257 F.3d 660, 670 (6th Cir. 2001), cert. denied, 535 U.S. 1095, 122 S. Ct. 2291, 152 L. Ed. 2d 1050 (2002). The moving party bears the burden of showing harmful prejudice. Harrison, 287 F.Supp.2d at 850.

Based upon a careful review of the Defendant's motion and of the record, the Court concludes that Carlson is simply dissatisfied with the award made by the jury and the judge. Because the verdict is one that reasonably could be reached by the jury and the judge, Defendant's motion for new trial is denied. Walker, 257 F.3d at 670.

In terms of a remittitur, it has been repeatedly found by the Sixth Circuit Court of Appeals that "a trial court may remit a verdict 'only when, after review all of the evidence in the light most favorable to the awardee [the Bates and Frito-Lay] it is convinced that the verdict is clearly excessive, resulted from passion, bias or prejudice [,] or so excessive or inadequate as to shock the judicial conscience of the court.'" Knight v. Metro. Gov't of Nashville and Davidson County, Tenn., 136 Fed. Appx. 755, 761 (6th Cir. 2005) (quoting Gregory v. Shelby County, Tenn., 220 F.3d 433, 443 (6th Cir. 2000)). A district court is itself sharply limited in its ability to remit from a jury verdict. See Champion v. Outlook Nashville, Inc., 380 F.3d 893, 905 (6th Cir. 2004). The remittitur standard of the Sixth Circuit favors maintaining the award, "[u]nless [it] is (1) beyond the range supportable by proof or (2) so excessive as to shock the conscience, . . . or (3) the result of a mistake . . . ." Bickel v. Korean Air Lines Co., 96 F.3d 151, 156 (6th Cir. 1996) (citation and internal

quotation marks omitted).

The jury and the Court found that the Plaintiff, Jesse Bates, was entitled to an award of $350,000.00 and that Frito-Lay, Inc. was entitled to an award of $38,519.89. Based upon the finding of comparative negligence on the part of Bates, his judgment against Carlson was reduced to $178,500.00 and Frito-Lay's judgment against Carlson was lowered to $19,645.14. In summary, Carlson argues that the testimony was inconsistent at best with regard to extent of the injuries sustained by Bates and the ultimate condition suffered by him as a result of this accident. She claims that the testimony of an occupational therapist found Bates to be exaggerating his complaints and feigning the extent of his injuries. However, as the Court determined in its findings, Bates testified that following the accident, he bled from his legs, was thrown into a dashboard and hit from behind by his seat. He was suffering pain in his abdominal area and was hurting through his shoulder, neck and collar bone. Furthermore, Dr. Michael Sorensen determined that the Plaintiff had sustained significant soft tissue injuries as a result of the high speed rear-end collision and that x-ray findings reflected that Bates had suffered a herniated cervical disc following the accident. In addition, many of Bates' complaints, according to the testimony, were the result of psychological factors, including post-traumatic stress disorder. Bates' medical bills totaled in excess of $16,000.00 and he sustained lost earnings in excess of $30,000.00 for twenty-four (24) weeks while he was off work. Bates testified that since the accident he has suffered recurrent flash-backs and nightmares, particularly on the 21st day of each month, reflecting the date on which this accident occurred. In addition he related that oftentimes when he was on the road as a truck driver, his condition would be so unbearable that he would simply have to stop his truck and check into a motel.

Another witness, Dr. George DeRoeck, a psychologist, testified that in his opinion, Bates had

suffered from acute stress disorder and post-traumatic stress disorder. Dr. DeRoeck found that Bates was not malingering but had attempted his best to return to work as soon as possible. He also concluded that if the Plaintiff was still experiencing flash-backs and nightmares at this point, he felt that the Plaintiff's post-traumatic stress disorder would require additional treatment in the future.

After considering the entire record of proof that was presented to the jury and to the Court, the Court finds that it was sufficient to support the jury's and the Court's award and that the Defendant is not entitled to remittitur of the judgment. Thus, the Defendant's motion for remittitur is DENIED.

The Defendant also requests the Court to find that Carlson should not be obligated to pay the judgment in favor of Bates and in favor of Frito-Lay to the extent that both of these judgments include damages for medical expenses and lost wages paid to the Plaintiff. As was set forth by the Plaintiff, the Court specifically instructed the jury that they were not to duplicate any damages and were to only award those items which were demanded by the respective Plaintiffs. There is no evidence before the Court to indicate that either the jury or this Court has doubly included those claims in each of the awards provided to the Plaintiffs and Frito-Lay. Accordingly, Defendant's request for any relief on that basis is DENIED.

For the reasons stated herein, Defendant, Connie Carlson's motion for a new trial or in the alternative for remittitur is DENIED.

IT IS SO ORDERED this 28th day of September, 2006.

        s/ J. DANIEL BREEN
        UNITED STATES DISTRICT JUDGE